IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CONTINENTAL DATALABEL, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Judge: Milton I. Shadur |
| | ) | |
| v. | ) | Magistrate Judge: Susan I. Cox |
| | ) | |
| AVERY DENNISON CORPORATION and | ) | |
| MEMOREX PRODUCTS, INC. | ) | Civil Action No. 1:09-CV-5980 |
| | ) | |
| Defendants. | ) | JURY DEMANDED |

## FIRST AMENDED COMPLAINT

Plaintiff Continental Datalabel, Inc. ("Continental") for its Complaint against Defendant Avery Dennison Corporation ("Avery") and Memorex Products, Inc. ("Memorex") alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1. This action arises under the Patent Laws of the United States, including 35 U.S.C. §§ 271 and 281, under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and under Illinois Common Law. This Court has jurisdiction over the subject matter of this case under 28 U.S.C. §§ 1121(a), 1331 and 1338(a).

2. This Court has personal jurisdiction over Avery because Avery does substantial business in this judicial district and provides products accused of patent infringement in this judicial district including, but not necessarily limited to EASY PEEL® label assemblies and CD STOMPER® labels. Such products are or have been sold and/or offered for sale throughout this judicial district at retail outlets, including without limitation Office Depot and Staples, Inc. outlets.

3. This Court has personal jurisdiction over Memorex because Memorex does substantial business in this judicial district and provides products accused of patent infringement

in this judicial district including, but not necessarily limited to Memorex® CD Label Refills, Memorex® High Gloss CD Label Refills, Memorex® DVD Label Refills, and Memorex® Printable Wraps For iPod®. Such products are or have been sold and/or offered for sale throughout this judicial district at retail outlets, including without limitation Staples, Inc. outlets.

4. Venue is proper in this judicial district by virtue of 28 U.S.C. §§ 1391 (b) and (c), and 1400(b).

5. Continental is an Illinois Corporation having a principal place of business at 1855 Fox Lane, Elgin, Illinois 60123. Continental makes and sells label assemblies for use with computer printers, including without limitation label sheets sold under the Compulabel® mark and private label versions thereof; media labels for use with media disks, including media labels sold under the Compulabel® mark and private label versions thereof; and various other label assemblies and labels.

6. Avery is a Delaware corporation having a principal place of business at 150 N. Orange Grove Blvd., Pasadena, California 91103. Avery makes and sells a wide range of products including self-adhesive materials, office products, labels and graphics imaging media. Included among these products are EASY PEEL® label assemblies for use with computer printers, and CD STOMPER® labels for use with compact disks.

7. Memorex is a California corporation having a registered agent identified as Corporation Service Company, located at 2730 Gateway Oaks Drive, Suite 100, Sacramento, California 95833. Memorex has a headquarters and place of business at 1 Imation Place, Oakdale, Minnesota 55128. Memorex is an operating subsidiary of Imation Corporation, which is a Delaware corporation having a principal place of business at 1 Imation Place, Oakdale, Minnesota 55128. Memorex makes and sells recordable media products and accessories, and electronic media devices. Included among these products are media labels sold as Memorex®

CD Label Refills, Memorex® High Gloss CD Label Refills, Memorex® DVD Label Refills, and Memorex® Printable Wraps For iPod®.

## PATENTS-IN-SUIT

8. Continental owns the entire right, title and interest in U.S. Patent 6,860,050 ("the '050 patent," Ex. A), entitled "Apparatus For Separating Label Assembly," including without limitation the right to sue for past and current patent infringement and damages.

9. The '050 patent was duly and legally issued by the U.S. Patent and Trademark Office on March 1, 2005, and remains in full force and effect.

10. Continental owns the entire right, title and interest in U.S. Patent 6,837,957 ("the '957 patent," Ex. B), entitled "Method For Separating Label Assembly," including without limitation the right to sue for past and current patent infringement and damages.

11. The '957 patent was duly and legally issued by the U.S. Patent and Trademark Office on January 4, 2005, and remains in full force and effect.

12. Continental owns the entire right, title and interest in U.S. Patent 6,364,198 ("the '198 patent," Ex. C), entitled "Envelope Having Nested Rings," including without limitation the right to sue for past and current patent infringement and damages.

13. The '198 patent was duly and legally issued by the U.S. Patent and Trademark Office on April 2, 2002, and remains in full force and effect.

## COUNT I: INFRINGMENT BY AVERY OF U.S. PATENT 6,860,050, 35 U.S.C. §§ 271 AND 281

14. Continental incorporates by reference the allegations in Paragraphs 1-2, 4-6 and 8-9 of this Complaint.

15. Avery has directly infringed, and continues to directly infringe the '050 patent by making, importing, using, offering to sell and/or selling infringing label assemblies within the United States, including without limitation EASY PEEL® labels sold under the product names

3

EASY PEEL® 5155, 5160, 5161, 5162, 5167, 5195, 5260, 5261, 5262, 5267, 5630, 5660, 5661, 5662, 5667, 5960, 5961, 5962, 6241, 8160, 8161, 8167, 8195, 8460, 8461, 8462, 8660, 8662, 8667, 15660, 15695, 18660, 18661, 18662, 18695 and 28667.

16. Avery has infringed and continues to infringe the '050 patent by contributing to and/or actively inducing direct infringement of the '050 patent by others. The infringing activities by Avery include encouraging, aiding and abetting others to make, import, use, offer to sell and/or sell infringing label assemblies within the United States, including without limitation the EASY PEEL® labels identified in Paragraph 15 and/or private label versions of these label assemblies that are sold, offered for sale and/or used by retail and commercial customers of Avery and customers of such retailers.

17. Avery had notice of the '050 patent by virtue of Continental marking its own Compulabel® label assemblies and private label versions thereof with notice of the '050 patent, and actual notice from Continental to Avery.

18. Avery has, with reckless disregard of the '050 patent and Continental's rights under that patent, willfully and wantonly infringed the '050 patent, entitling Continental to treble damages under 35 U.S.C. § 284. This conduct further warrants a finding that this case is exceptional under 35 U.S.C. § 285, entitling Continental to an award of its reasonable attorney fees.

19. By reason of Avery's infringement of the '050 patent, Continental has and will continue to suffer substantial irreparable damage and injury, the full extent of which is presently unknown. Avery has benefitted from its unlawful infringement of the '050 patent and will continue to be unjustly enriched unless and until enjoined by this Court.

## COUNT II: INFRINGEMENT BY AVERY OF U.S. PATENT 6,837,957, 35 U.S.C. §§ 271 AND 281

20. Continental incorporates by reference the allegations in Paragraphs 1-2, 4-6 and 10-11 of this Complaint.

21. Avery has infringed the '957 patent by directly infringing, contributing to and/or actively inducing direct infringement of the '957 patent by others. The infringing activities by Avery include encouraging, aiding and abetting others to use, offer to sell and/or sell label assemblies in the United States that are designed and intended for use in a manner which infringes the '957 patent. The infringing activities by Avery include without limitation demonstrating and/or instructing retail and commercial customers of Avery and customers of such retailers on how to use various EASY PEEL® label assemblies sold by Avery in a manner that infringes the '957 patent.

22. Avery had notice of the '957 patent by virtue of Continental marking its own Compulabel® label assemblies with notice of the '957 patent, and actual notice from Continental to Avery.

23. Avery has, with reckless disregard of the '957 patent and Continental's rights under that patent, willfully and wantonly infringed the '957 patent, entitled Continental to treble damages under 35 U.S.C. § 284. This conduct further warrants a finding that this case is exceptional under 35 U.S.C. § 285, entitling Continental to an award of its reasonable attorney fees.

24. By reason of Avery's infringement of the '957 patent, Continental has and will continue to suffer substantial irreparable harm and injury, the full extent of which is presently unknown. Avery has benefitted from its unlawful infringement of the '957 patent and will continue to be unjustly enriched unless and until enjoined by this Court.

## COUNT III: INFRINGEMENT BY AVERY OF U.S. PATENT 6,364,198, 35 U.S.C. §§ 271 AND 281

25. Continental incorporates by reference the allegations in Paragraphs 1-2, 4-6 and 12-13 of this Complaint.

26. Avery has directly infringed, and continues to directly infringe the '198 patent by making, importing, using, offering to sell and/or selling infringing media labels within the United States, including without limitation media labels sold under the CD STOMPER® mark.

27. Avery has infringed and continues to infringe the '198 patent by contributing to and/or actively inducing direct infringement of the '198 patent by others. The infringing activities by Avery include encouraging, aiding and abetting others to make, import, use, offer to sell and/or sell infringing media labels within the United States, including without limitation the CD STOMPER® labels identified in Paragraph 26 and/or private label versions of these media labels that are sold, offered for sale and/or used by retail and commercial customers of Avery and customers of such retailers.

28. Avery had notice of the '198 patent by virtue of Continental marking its own Compulabel® CD labels with notice of the '198 patent, and actual notice from Continental to Avery.

29. Avery has, with reckless disregard of the '198 patent and Continental's rights under that patent, willfully and wantonly infringed the '198 patent, entitling Continental to treble damages under 35 U.S.C. § 284. This conduct further warrants a finding that this case is exceptional under 35 U.S.C. § 285, entitling Continental to an award of its reasonable attorney fees.

30. By reason of Avery's infringement of the '198 patent, Continental has and will continue to suffer substantial irreparable damage and injury, the full extent of which is presently

unknown. Avery has benefitted from its unlawful infringement of the '198 patent and will continue to be unjustly enriched unless and until enjoined by this Court.

## COUNT IV: UNFAIR COMPETITION, BY AVERY 15 U.S.C. § 1125(a)

31. Continental incorporates by reference the allegations in Paragraphs 1-2, 4-6 and 8-19 of this Complaint.

32. Beginning at least as early as 2008, and continuing until the present, Avery has been making false or misleading descriptions of fact, and/or false or misleading representations of fact in connection with the commercial advertising and promotion of Avery's EASY PEEL® label assemblies. These descriptions and representations misrepresent the nature, characteristics and qualities of Avery's EASY PEEL® labels and falsely imply that the EASY PEEL® labels possess an advantage or characteristic that is not present in Continental's competing Compulabel® label assemblies.

33. Specifically, in connection with commercial advertising of several EASY PEEL® products, Avery has stated that "*Only* Avery® label sheets bend to expose the Pop-up Edge™," and/or "*Only* Avery® offers the Pop-up Edge™ for fast peeling - just bend the sheet to expose the label edge." Examples of commercial advertisements bearing these statements are attached as Ex. D.

34. The competing patented Compulabel® label assemblies have label edges that pop up and are exposed upon bending of the label assemblies. By representing in advertising that "*Only* Avery® label sheets bend to expose the Pop-up Edge™," and/or "*Only* Avery® offers the Pop-up Edge™ for fast peeling...," Avery explicitly misrepresents its own label assemblies as being unique in this respect, and implicitly misrepresents that the competing patented Continental label assemblies do not possess this feature.

35. The foregoing advertisements by Avery deceived or are likely to deceive a substantial segment of the intended audience, and the deception has or is likely to influence purchasing decisions by customers and prospective customers of Continental. On information and belief, Avery has caused these advertisements and the associated EASY PEEL® label assemblies to enter interstate commerce.

36. For Avery to advertise the EASY PEEL® label assemblies by stating that "*Only* Avery® label sheets bend to expose the Pop-up Edge™," and/or "*Only* Avery® offers the Pop-up Edge™ for fast peeling..." is unfair, improper and illegal because it explicitly and falsely conveys that no competing label assembly has label edges that pop up and are exposed upon bending of the label assemblies. These unfair trade practices have caused injury to Continental's business, for which Continental is entitled to recover damages under 15 U.S.C. § 1117(a) including Avery's profits, up to three times the damages for injuries sustained by Continental, attorney fees and costs to Continental of this lawsuit, and injunctive relief.

## COUNT V: TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE BY AVERY

37. Continental incorporates by reference the allegations in Paragraphs 1-2, 4-6, 8-9 and 14-19 of this Complaint.

38. Avery is the owner of pending U.S. Patent Application 10/504,600 ("the '600 application"), filed on February 28, 2003. The '600 application was published on April 28, 2005 as Publication No. 2005/0089663, a copy of which is attached as Ex. E.

39. To date, the pending claims of the '600 application have been rejected six times by the U.S. Patent and Trademark Office, and no pending claim has been allowed.

40. Beginning at least as early as 2006, and continuing until the present, Avery representatives have been telling customers and prospective customers of Continental that

Continental's Compulabel® label assemblies infringe Avery's pending patent application. These customers and prospective customers included at least Staples, Inc. and Office Depot.

41. A pending patent application cannot be infringed. Statements to the contrary were misleading.

42. At all relevant times, Continental had valuable economic relationships with some of these customers, and a reasonable expectation of future valuable economic relationships with these and other customers.

43. At all relevant times, Avery knew that Continental had valuable economic relationships with some of these customers, and a reasonable expectation of future valuable economic relationships with these and other customers. Avery's representations that the Compulabel® label assemblies infringed Avery's pending patent application were intended to unjustly disrupt those economic relationships. Some of those economic relationships were in fact disrupted, causing harm to Continental.

44. At all relevant times, Avery knew that the claims of the '600 application were rejected by the U.S. Patent and Trademark Office, and/or that no pending claim has been allowed.

45. Avery has improperly harmed Continental's present and future economic relationships by improperly asserting the pending '600 application to drive customers and prospective customers away from Continental and toward Avery. Continental is entitled to an award of compensatory and punitive damages for this misconduct.

46. By reason of Avery's tortious interference with Continental's economic relationships, Continental has and will continue to suffer irreparable damage and injury, the full extent of which is presently unknown. Avery has benefitted from this unlawful conduct, and will continue to be unjustly enriched unless and until enjoined by this Court.

## COUNT VI: INFRINGEMENT BY MEMOREX OF U.S. PATENT 6,364,198, 35 U.S.C. §§ 271 AND 281

47. Continental incorporates by reference the allegations in Paragraphs 1, 3-5, 7 and 12-13 of this Complaint.

48. Memorex has directly infringed, and continues to directly infringe the '198 patent by making, importing, using, offering to sell and/or selling infringing medial labels within the United States, including without limitation media labels sold as Memorex® CD Label Refills, Memorex® High Gloss CD Label Refills, Memorex® DVD Label Refills, and Memorex® Printable Wraps For iPod®.

49. Memorex has infringed and continues to infringe the '198 patent by contributing to and/or actively inducing direct infringement of the '198 patent by others. The infringing activities by Memorex include encouraging, aiding and abetting others to make, import, use, offer to sell and/or sell infringing media labels within the United States. The infringing media labels include without limitation the media labels identified in Paragraph 48 and/or private label versions of these media labels that are sold, offered for sale and/or used by retail and commercial customers of Memorex and customers of such retailers.

50. Memorex had notice of the '198 patent by virtue of Continental marking its own Compulabel® CD labels with notice of the '198 patent, and actual notice from Continental to Memorex.

51. Memorex has, with reckless disregard of the '198 patent and Continental's rights under the patent, willfully and wantonly infringed the '198 patent, entitling Continental to treble damages under 35 U.S.C. § 284. This conduct further warrants a finding that this case is exceptional under 35 U.S.C. § 285, entitling Continental to an award of its reasonable attorney fees.

52. By reason of Memorex's infringement of the '198 patent, Continental has and will continue to suffer substantial irreparable damage and injury, the full extent of which is presently unknown. Memorex has benefitted from its unlawful infringement of the '198 patent and will continue to be unjustly enriched unless and until enjoined by this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Continental Datalabel, Inc. prays:

A. For judgment to be entered by this Court in favor of Continental and against Avery for Avery's infringement of the '050 patent, the '957 patent and the '198 patent, as set forth in Counts I, II and III of this Complaint;

B. For a permanent injunction against Avery's continued infringement of the '050 patent, the '957 patent and the '198 patent, including an injunction against all direct, contributory, and actively induced infringement;

C. For an accounting and recovery of damages adequate to compensate Continental for Avery's infringement of the '050 patent, the '957 patent and the '198 patent, including but not limited to Continental's lost profits due to Avery's infringement of each patent, but in no event less than a reasonable royalty for each patent;

D. For a finding that Avery's infringement of each of the '050 patent, the '957 patent and the '198 patent has been wanton, willful and in reckless disregard of Continental's patent rights, such that Continental is entitled to treble damages pursuant to 35 U.S.C. § 284;

E. For a finding that this case against Avery is exceptional, such that Continental is entitled to recover its reasonable attorney fees from Avery under 35 U.S.C. § 285, in addition to all expenses and costs;

F. For a judgment to be entered by this Court in favor of Continental and against Avery for Avery's acts of unfair competition as set forth in Count IV of this Complaint;

G. For an accounting and recovery of damages under 15 U.S.C. § 1117(a) for Avery's unfair competition, including Avery's profits, up to three times the damages for injuries sustained by Continental, the costs of Continental of this lawsuit, and injunctive relief;

H. For a judgment to be entered in favor of Continental and against Avery for Avery's tortious interference with Continental's prospective economic advantage, as set forth in Count V of this Complaint;

I. For an accounting and recovery of compensatory damages for Avery's tortious interference with Continental's prospective economic advantage, punitive damages, and injunctive relief;

J. For judgment to be centered by this Court in favor of Continental and against Memorex for Memorex's infringement of the '198 patent, as set forth in Count VI of this Complaint;

K. For a permanent injunction against Memorex's continued infringement of the '198 patent, including an injunction against all direct, contributory, and actively induced infringement;

L. For an accounting and recovery of damages adequate to compensate Continental for Memorex's infringement of the '198 patent, including but not limited to Continental's lost profits due to Memorex's infringement of the '198 patent, but in no event less than a reasonable royalty;

M. For a finding that Memorex's infringement of the '198 patent has been wanton, willful, and in reckless disregard of Continental's patent rights, such that Continental is entitled to treble damages pursuant to 35 U.S.C. § 284;

N. For a finding that this case against Memorex is exceptional, such that Continental is entitled to recover its reasonable attorney fees from Memorex under 35 U.S.C. § 285, in addition to all expenses and costs; and

O. For such other and further relief as this Court may deem equitable, just and proper.

## JURY DEMAND

Continental respectfully demands a trial by jury in the above-captioned matter.

Dated: 21 October 2009

Respectfully submitted,

/s/ Maxwell J. Petersen
Maxwell J. Petersen
Kevin D. Erickson
PAULEY PETERSEN & ERICKSON
2800 West Higgins Road, Suite 365
Hoffman Estates, Illinois 60169
Tel: (847) 490-1400
Fax: (847) 490-1403

Stephen P. Carponelli
Ross S. Carponelli
CARPONELLI & KRUG
230 West Monroe Street, Suite 250
Chicago, Illinois 60606
Tel: (312) 372-2707
Fax: (312) 641-6174

Attorneys for Plaintiff
Continental Datalabel, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CONTINENTAL DATALABEL, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Judge: Milton I. Shadur |
| | ) | |
| v. | ) | Magistrate Judge: Susan I. Cox |
| | ) | |
| AVERY DENNISON CORPORATION and | ) | |
| MEMOREX PRODUCTS, INC., | ) | Civil Case No.: 1:09-cv-5980 |
| | ) | |
| Defendants. | ) | JURY DEMANDED |

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 21, 2009, the foregoing FIRST AMENDED COMPLAINT, including Exhibits A-E thereto, was filed with the Clerk of the Court using the CM/ECF System, which automatically transmitted a Notice of Electronic Filing to all ECF registered counsel of record, including the following counsel for Defendant, Avery Dennison Corporation.

Robert W. Unikel
HOWREY LLP
321 North Clark Street, Suite 3400
Chicago, IL 60654-4717
Tel: (312) 595-1239
Fax: (312) 595-2250
unikelr@howrey.com

Gregory S. Cordrey
HOWREY LLP
4 Park Plaza, Suite 1700
Irvine, CA 92614
Tel: (949) 721-6900
Fax: (949) 721-6910
cordreyg@howrey.com

/s/ Maxwell J. Petersen
Maxwell J. Petersen
Counsel for Plaintiff Continental Datalabel, Inc.

14