```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

CONTINENTAL DATALABEL, INC.,    )
                                )
               Plaintiff,       )
                                )
     v.                         )    No. 09 C 5980
                                )
AVERY DENNISON CORPORATION, et al.,)
                                )
               Defendants.      )
```

MEMORANDUM

Continental Datalabel, Inc. ("Continental") originally brought this patent infringement action against Avery Dennison Corporation ("Avery"), asserting Avery's claimed infringement of three Continental-owned United States patents. Those infringement claims were linked with allegations that Avery had also violated Lanham Act §43a (15 U.S.C. §1125(a)) and provisions of Illinois common law. Just under four weeks later Continental filed its First Amended Complaint ("FAC") in which it targeted not only Avery but also Memorex Products, Inc. ("Memorex"), charging the latter in FAC Count VI with infringement of one of the three patents that remain the subject matter of Continental's claims against Avery.

It appears from the docket entries that the FAC was filed by Continental's utilization of the one-free-bite provision of Fed. R. Civ. P. ("Rule") 15(a), for Avery had not yet entered the lists during that first month after the suit was originally filed. And although nothing has been said on that score, it

further appears likely that Continental has done so in reliance on the permissive joinder provision of Rule 20(a)(2)(B) on the premise that "any question of law or fact common to all defendants will arise in the action."

In any event, Avery's just-filed Answer to the FAC, which includes counterclaims seeking declarations of noninfringement and invalidity of each of Continental's three patents in suit, has caused this Court to pay close heed for the first time to the nature of Continental's lawsuit.[1]

With the FAC having given no indication that Avery's claimed infringing products are the same as the products emanating from Memorex, it seems quite unlikely that the proof against the two defendants will have a great deal of overlap. And it must be said that saving a $350 filing fee is not much of a justification for hooking up claims against different parties that appear to have only partial commonality.[2]

---

[1] Interestingly Avery's responsive pleading bears a caption that lists only itself as the defendant, without any reference to Memorex (though Avery's Answer does respond to Count VI--quite understandably--by invoking the disclaimer provisions of Rule 8(b)(5)).

[2] This Court of course recognizes that the validity or invalidity of one of the patents in suit will affect both defendants. But that does not necessarily extend to the questions of infringement or noninfrnigement by defendants' different products. It is not at all unusual to find a patent holder suing different defendants in separate lawsuits in this District Court, with the judges to whose calendars those lawsuits are assigned then issuing procedural orders that minimize duplicative discovery.

This Court has recently granted Memorex's motion for an extension of time to file its own responsive pleading, an extension that also occasioned moving the initially scheduled status hearing date from November 13 to December 16.  At that status hearing this Court expects to pursue the issue posed by this memorandum.

                                      _____
                                      Milton I. Shadur
                                      Senior United States District Judge

Date:  November 19, 2009