## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| CONTINENTAL DATALABEL, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Judge: Milton I. Shadur |
| | ) | |
| v. | ) | Magistrate Judge: Susan I. Cox |
| | ) | |
| AVERY DENNISON CORPORATION and | ) | |
| MEMOREX PRODUCTS, INC., | ) | Civil Case No.: 1:09-cv-5980 |
| | ) | |
| Defendants. | ) | JURY DEMANDED |

### REPORT OF THE PARTIES' PLANNING MEETING

1.      The following persons participated in a Fed.R.Civ.P. 26(f) conference on November 17, 2009, in person.

> Maxwell J. Petersen, representing Plaintiff Continental Datalabel, Inc.

> Stephen P. Carponelli, representing Plaintiff Continental Datalabel, Inc.

> Robert W. Unikel, representing Defendant Avery Dennison Corporation

> Gregory S. Cordrey, representing Defendant Avery Dennison Corporation

> Mansi H. Shah, representing Defendant Avery Dennison Corporation

The following persons participated in a Fed.R.Civ.P. 26(f) conference on December 1, 2009, by telephone.

> Maxwell J. Petersen, representing Plaintiff Continental Datalabel, Inc.

> Stephen P. Carponelli, representing Plaintiff Continental Datalabel, Inc.

> Robert W. Unikel, representing Defendant Memorex Products, Inc.

> Gregory S. Cordrey, representing Defendant Memorex Products, Inc.

2.      **Initial Disclosures.**  Plaintiff and Defendant Avery Dennison Corporation have complied with the initial disclosures required by Fed.R.Civ.P. 26(a)(1) by mutual exchange on

December 2, 2009.  Plaintiff and Defendant Memorex Products, Inc. will comply with the initial disclosures required by Fed.R.Civ.P. 26(a)(1) by December 22, 2009.

3.      **Disclosures and Discovery Pursuant To The Local Patent Rules.**  The parties acknowledge that because the original Complaint in this action was filed prior to October 1, 2009, the recently implemented Local Patent Rules do not automatically apply to this case. However, the parties have agreed to submit to the requirements of the Local Patent Rules in this case.

4.      **Additional Discovery Plan.**  The parties propose the following in addition to the discovery plan and schedules addressed by the Local Patent Rules.

        (a)      **Maximum number of interrogatories by each party to another party, along with the dates the answers are due.**  The parties have not agreed on the maximum number of interrogatories for each party.

        Plaintiff asks that it be permitted to serve 35 interrogatories on Defendant Avery Dennison Corporation and 25 interrogatories on Defendant Memorex Products, Inc. This represents an increase of 10 interrogatories over the limit stated in Fed. R. Civ. P. 33(a)(1) with respect to Defendant Avery Dennison Corporation. Plaintiff believes the higher limit is justified by the fact that five separate counts of patent infringement, unfair competition and tortious interference with prospective economic advantage have been asserted against Avery Dennison Corporation.

        At this time, Defendants see no substantial need or justification for any party to serve more than the 25 interrogatories provided by the Federal Rules, particularly in light of the new disclosure requirements of the Local Patent Rules.

2

Regardless of the number of interrogatories ultimately allowed, the parties agree that, unless otherwise provided, the answers to interrogatories are due thirty (30) days after service, as governed by Fed.R.Civ.P. 33(b)(2).  However, the parties have agreed that answers/responses to interrogatories and other discovery requests served by any party on or before December 21, 2009 will be due no earlier than January 19, 2010.

(b)    **Maximum number of requests for admission, along with the dates responses are due.**  There will be no limit on the number of requests for admission served by any party.  Unless otherwise agreed, the answers to the requests for admission are due thirty (30) days after service, as governed by Fed.R.Civ.P. 36(a)(3).  The parties have agreed that responses to requests for admission served before December 21, 2009 will be due no earlier than January 19, 2010.

(c)    **Maximum number of factual depositions by each party.**  The parties have not agreed on the maximum number of factual depositions by each party.

Plaintiff believes that it will need more than ten factual depositions, including depositions of non-parties, to cover the six counts raised against the Defendants and the counterclaims raised by Defendants in this litigation.  Plaintiff proposes that it be allowed to take up to twenty (20) factual depositions and that the Defendants together be allowed to take up to twenty (20) factual depositions.

At this time, Defendants see no substantial need or justification for any party take more than the 10 fact depositions allowed by the Federal Rules, particularly in light of the new disclosure requirements of the Local Patent Rules.

The parties do agree, however, that depositions of expert witnesses will not be counted as factual depositions subject to the numerical limitations described above.

3

**(d)**     **Limits on the length of depositions, in hours.**   The parties agree that depositions of individual persons will each be limited to one day of seven hours, subject to the exceptions provided in Fed.R.Civ.P. 30(d)(1).

The parties disagree, however, as to whether or not the seven-hour time limit should apply to depositions of corporations pursuant to Fed.R.Civ.P. 30(b)(6).

Plaintiff believes that pursuant to Fed.R.Civ.P. 30(d)(1), additional time should be permitted to fairly examine the corporate Defendants.  Multiple Rule 30(b)(6) deposition topics will be designated and seven hours will not be sufficient to cover all of the topics.

Defendants believe that the limitation set forth in the Federal Rules should apply, namely that each deposition (including any Rule 30(b)(6) deposition) be limited to one day of seven hours, unless good cause can be shown for extending a particular deposition.  At this time, Plaintiff has not demonstrated good cause for deviating from the limitations set forth in the Federal Rules.  In particular, Plaintiff has not yet served any deposition notices under Rule 30(b)(6) or identified the deposition topics it suggests it will need additional deposition time to explore.

**(e)**     **Discovery Of Matters Not Pleaded.**   The parties agree that discovery is permitted with respect to claims of willful infringement and defenses of patent invalidity or unenforceability not pleaded by a party, where the evidence needed to support these claims or defenses is in whole or in part in the hands of another party.

**(f)**     **Document Production.**   The parties agree that documents will generally be produced in electronic TIFF format, except that smaller quantities of documents may be produced in paper format as appropriate.  The parties agree to meet and confer regarding any

document request that may be overly broad and likely to encompass large quantities of irrelevant documents, and to streamline such document requests where appropriate.

     **5.**    **Alternative Discovery Plan.**    Defendants believe that Plaintiff's patent infringement claim/action against Memorex should be separated from, and should proceed independently of, Plaintiff's various claims/actions against Avery.  For example, Plaintiff asserts infringement of only one of the three patents against Memorex and does not assert any related, non-patent claims as it does against Avery.  The parties, moreover, have proposed a Case Management Schedule that coordinates and consolidates briefing on the issues common to both defendants (*i.e.*, claim construction and invalidity of the common patent) in order to conserve judicial resources.  No further consolidation is necessary or warranted.  Further, requests for *ex parte* reexamination of the patents-in-suit were filed with the U.S. Patent and Trademark Office on December 7. 2009: if/when the PTO grants theses requests, Defendants intend promptly to ask the Court to stay the present case until the reexamination proceedings (which may result in cancellation of all the patent claims-in-suit) are complete.

     Plaintiff believes that, in the interest of judicial economy, the patent infringement claims against both Defendants should proceed in the same action. U.S. Patent 6,364,198 is being asserted against both Defendants. The products of both Defendants that are accused of infringing this patent are very similar. There will be common claims asserted against both Defendants. This will result in common claim construction issues, and the Defendants will likely raise common validity issues. Also, both Defendants are represented by the same defense firm, thus eliminating the need for cooperation between different defense firms. Plaintiff does not agree with Defendants' assessment of the merits of the reexamination requests, and presently intends to oppose any stay of proceedings.

5

However, in the interests of efficiency and judicial economy, regardless of whether Plaintiff's claims against Defendants proceed in the same or formally separate actions, the parties agree that the claims against both Defendants should proceed on a substantially similar Case Management Schedule. Accordingly, the parties propose a discovery plan that differs from the Local Patent Rules to the extent necessary to place the Plaintiff and both Defendants on the same Case Management Schedule following the Courts Initial Status Hearing on December 16, 2009. The specific reasons for this Alternative Discovery Plan are described with particularity in Exhibit 1 to this Report. Specifically, the parties propose the following Case Management Schedule which reflects the Alternative Discovery Plan.

| EVENT | DEADLINE |
|---|---|
| Answer First Amended Complaint | November 18, 2009 (Avery Dennison Corporation)<br>December 8, 2009 (Memorex Products, Inc.) |
| Rule 26(f) Conference | November 18, 2009 (Avery Dennison Corporation)<br>December 2, 2009 (Memorex Products, Inc.) |
| Joint Proposed Scheduling Order (LPR 1.2) | December 9, 2009 |
| Plaintiff and Defendant Exchange Rule 26(a)(1) Disclosures and Documents (LPR 2.1) | December 2, 2009 (Avery Dennison Corporation)<br>December 22, 2009 (Memorex Products, Inc.) |
| Start of Fact Discovery (LPR 1.3) | December 2, 2009 (Avery Dennison Corporation)<br>December 22, 2009 (Memorex Products, Inc.) |
| Plaintiff Serves Initial Infringement Contentions (LPR 2.2) | December 16, 2009 (Avery Dennison Corporation)<br>January 5, 2010 (Memorex Products, Inc.) |
| Initial Status Hearing | December 16, 2009 |
| Initial Noninfringement, Unenforceability and Invalidity Contentions (LPR 2.3, 2.4) | January 19, 2010 |

6

| EVENT | DEADLINE |
|---|---|
| Initial Response to Invalidity Contentions (LPR 2.5) | February 2, 2010 |
| Exchange Privilege Logs | April 2, 2010 |
| Final Infringement, Unenforceability and Invalidity Contentions (LPR 3.1) | June 2, 2010 |
| Final Noninfringement, Enforceability and Validity Contentions (LPR 3.2, 3.3) | June 30, 2010 |
| Produce Opinions of Counsel and Related Information and Commence Related Fact Discovery (LPR 3.6) | July 14, 2010 |
| Exchange Claim Terms Needing Construction and Proposed Constructions (LPR 4.1) | July 14, 2010 |
| First Close of Fact Discovery (LPR 1.3) and Supplement Withheld Document Lists | August 11, 2010 |
| Opening Claim Construction Brief and Joint Appendix (LPR 4.2(a) and (b)) | August 18, 2010 |
| Responsive Claim Construction Brief (LPR 4.2(c)) | September 15, 2010 |
| Reply Claim Construction Brief (LPR 4.2(d)) | September 29, 2010 |
| Joint Claim Construction Chart (LPR 4.2(f)) | October 6, 2010 |
| Claim Construction Hearing (LPR 4.3) | October 27, 2010 |
| Reopen Fact Discovery (LPR 1.3) | Date of Claim Construction Ruling |
| Second Close of Fact Discovery (LPR 1.3) and Supplement Withheld Document Lists | 42 Days After Claim Construction Ruling |

7

| EVENT | DEADLINE |
|---|---|
| Expert Disclosures and Opening Expert Reports (LPR 5.1(b)) | 21 Days After Second Close of Fact Discovery |
| Rebuttal Expert Disclosures and Reports (LPR 5.1(c)) | 56 Days After Second Close of Fact Discovery |
| Complete Expert Witness Depositions (LPR 5.2) | 91 Days After Second Close of Fact Discovery |
| File Dispositive Motions (LPR 6.1) | 28 Days After Close of Expert Discovery |

6.    **Other Dates.**   The parties propose the following dates for other items not addressed by the Local Patent Rules.

| EVENT | DEADLINE |
|---|---|
| a)  Dates for supplementation under Rule 26(e) | The duty of each party to supplement disclosures and discovery responses continues for as long as the opposing party is not prejudiced by the timing. |
| b)  Date on which parties meet with the Court before a scheduling order. | December 16, 2009 |
| c)  Requested date of Pretrial Conference | 20 weeks after deadline for filing dispositive motions |
| d)  Final date for plaintiff to amend pleadings or join parties | June 2, 2010 |
| e)  Final date for defendants to amend pleadings or join parties | June 2, 2010 |
| f)  Final date for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists. | 30 days before trial on issues where each party bears the burden of proof; 20 days before trial for rebuttal lists and designations |
| g)  Final date to file objections under Rule 26(a)(3) | 10 days before trial |

8

7.     **Other Items**

a)     **Prospects for settlement.** Based on initial settlement discussions, the parties do not foresee on immediate settlement of this litigation.  The parties will continue to discuss settlement as the litigation progresses.

b)     **Alternative dispute resolution.** At this time, the parties do not believe that an alternative dispute resolution procedure would enhance settlement prospects.

c)     **Materials reviewed by experts.** Subject to the exceptions in paragraph 7(d), the parties agree that anything shown or told to a testifying expert relating to the issues on which he or she opines, or to the basis or grounds in support of or countering the opinion, is subject to discovery by the opposing party.

d)     **Draft expert reports.** The parties agree that drafts of expert reports and notes pertaining to them will not be retained and/or produced.

e)     **Terms of art.** In responding to the discovery requests, each party shall construe broadly terms of art used in the patent field (e.g., "prior art," "best mode," "on sale"), and read them as requesting discovery relating to the issues as opposed to a particular definition of the term used.  Compliance with this provision is not satisfied by the respondent including a specific definition of a term in its response, and limiting the response to that definition.

f)     **Patent video.** The parties will confer prior to trial to decide whether or not the video "An Introduction to the Patent System" distributed by the Federal Judicial Center should be shown to the jurors in connection with preliminary jury instructions.

g)     **Model protective order.** The parties agree and consent to the use of the model Protective Order attached as Ex. B to the Local Patent Rules, in this litigation.  The parties further agree that counsel who prepare or prosecute patent applications, including reexamination

9

and reissue proceedings, on behalf of any party shall not review or otherwise have access to documents, things, and information produced by any other party which has been designated "Highly Confidential" under the Protective Order by such other party. Where necessary, the parties will establish walls within their respective outside counsel firms or organizations to achieve this objective.

      **h)**    **E-mail service.**  The parties agree to accept service of motions, briefs, discovery requests and responses, and other papers in this litigation by E-mail.  E-mail service will be deemed effective on the date that the E-mail is received by the party being served.  The parties will make reasonable efforts to complete E-mail service to all such papers within normal business hours.

Dated:  09 December 2009                              Respectfully submitted,

/s/Robert W. Unikel                              /s/Maxwell J. Petersen
Robert W. Unikel                                 Maxwell J. Petersen
HOWREY LLP                                       Kevin D. Erickson
321 North Clark Street, Suite 3400               PAULEY PETERSEN & ERICKSON
Chicago, Illinois 60654-4717                     2800 West Higgins Road, Suite 365
Tel: (312) 595-1239                              Hoffman Estates, Illinois 60169
Fax: (312) 595-2250                              Tel:  (847) 490-1400
                                                 Fax: (847) 490-1403

Gregory S. Cordrey                               Stephen P. Carponelli
HOWREY LLP                                       Ross S. Carponelli
4 Park Plaza, Suite 1700                         CARPONELLI & KRUG
Irvine, California 92614                         230 West Monroe Street, Suite 250
Tel: (949) 721-6900                              Chicago, Illinois 60606
Fax: (949) 721-6910                              Tel:  (312) 372-2707
                                                 Fax:  (312) 641-6174

Attorneys for Defendants
Avery Dennison Corporation and                   Attorneys for Plaintiff
Memorex Products, Inc.                           Continental Datalabel, Inc.

10

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CONTINENTAL DATALABEL, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Judge:  Milton I. Shadur |
| | ) | |
| v. | ) | Magistrate Judge:  Susan I. Cox |
| | ) | |
| AVERY DENNISON CORPORATION and | ) | |
| MEMOREX PRODUCTS, INC., | ) | Civil Case No.:  1:09-cv-5980 |
| | ) | |
| Defendants. | ) | JURY DEMANDED |

**EXHIBIT 1 TO REPORT OF THE PARTIES' PLANNING MEETING**

The Alternative Discovery Plan proposed in paragraph 5 of the Report On Parties Planning Meeting is intended to place the plaintiff and both defendants on the same Case Management Schedule.  The Alternative Discovery Plan is warranted because Defendants Avery Dennison Corporation ("Avery") and Memorex Products, Inc. ("Memorex") were served with Complaints in this lawsuit on different dates and filed Answers on different dates, triggering the Case Management Schedule defined by the Local Patent Rules at different times.

Avery was served with the initial Complaint on September 29, 2009 and the First Amended Complaint on October 21, 2009.  Avery filed its Answer and Counterclaims on November 18, 2009.  Memorex was initially served with the First Amended Complaint on October 21, 2009.  Memorex filed its Answer and Counterclaims on December 8, 2009.  The Case Management Schedule defined by the Local Patent Rules commences with the exchange of initial disclosures and documents fourteen (14) days after filing the Answer, specifically December 2, 2009 for Avery and December 22, 2009 for Memorex.  Without corrective action, this would result in an ongoing 20-day gap in the Case Management Schedules for the Defendants.

DM_US:22967348_222967343_1

The proposed Alternative Discovery Plan eliminates the twenty (20) day gap in the Case Management Schedules for all events occurring after the December 16, 2009 initial status conference. The resulting coordinated Case Management Schedule will eliminate confusion and promote judicial economy. Except for eliminating the twenty (20) day gap, the coordinated Case Management Schedule generally tracks the schedule provided by the Local Patent Rules.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CONTINENTAL DATALABEL, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Judge:  Milton I. Shadur |
| | ) | |
| v. | ) | Magistrate Judge:  Susan I. Cox |
| | ) | |
| AVERY DENNISON CORPORATION and | ) | |
| MEMOREX PRODUCTS, INC., | ) | Civil Case No.:  1:09-cv-5980 |
| | ) | |
| Defendants. | ) | JURY DEMANDED |

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 9, 2009, the foregoing REPORT OF THE
PARTIES' PLANNING MEETING, was filed with the Clerk of the Court using the CM/ECF
System, which automatically transmitted a Notice of Electronic Filing to all ECF registered
counsel of record, including the following counsel for Defendants Avery Dennison Corporation
and Memorex Products, Inc.

Robert W. Unikel
HOWREY LLP
321 North Clark Street, Suite 3400
Chicago, Illinois 60654-4717
Tel: (312) 595-1239
Fax: (312) 595-2250
unikelr@howrey.com


Gregory S. Cordrey
HOWREY LLP
4 Park Plaza, Suite 1700
Irvine, California 92614
Tel: (949) 721-6900
Fax: (949) 721-6910
cordreyg@howrey.com

/s/ Maxwell J. Petersen
Maxwell J. Petersen
Counsel for Plaintiff Continental Datalabel, Inc.

13