UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CONTINENTAL DATALABEL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 09 C 5980 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| AVERY DENNISON CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

### Memorandum Opinion and Order

Plaintiff Continental Datalabel, Inc., and Defendant Avery Dennison Corporation are manufacturers of self-adhesive address labels. Continental alleges in this suit that Avery infringed Continental's patents in violation of federal patent law, engaged in unfair competition through false or misleading advertising in violation of the Lanham Act, and violated Illinois common law by tortiously interfering with Continental's efforts to sell its labels to office supply retailers Staples and Office Depot. The court stayed the patent claims pending a reexamination of Continental's patents by the U.S. Patent and Trademark Office ("USPTO"). Doc. 43 (Shadur, J.). The reexamination proceedings are ongoing. Doc. 293.

The parties filed cross-motions for summary judgment on the Lanham Act and tortious interference claims, and the court granted summary judgment to Avery on both claims. Docs. 269-270, 273; 2012 WL 5467667 (N.D. Ill. Nov. 9, 2012). After seeking the parties' views, the court then entered a partial final judgment on those two claims pursuant to Federal Rule of Civil Procedure 54(b), allowing Continental to appeal the summary judgment ruling without awaiting resolution of the stayed patent claims. Docs. 274-276; 2012 WL 6091248 (N.D. Ill. Dec. 7, 2012).

Continental now asks the court to reconsider its orders granting summary judgment to Avery and entering a partial final judgment. Doc. 277. The motion is directed to the court's grant of summary judgment on the Lanham Act claim; the motion does not challenge the grant of summary judgment on the tortious interference claim, and nor does it argue that the entry of partial final judgment under Rule 54(b) was improper *if* the court's ruling on the Lanham Act claim was correct. The court received a response brief from Avery and a reply brief from Continental, Docs. 286, 291, and heard oral argument, Doc. 296. The reconsideration motion is denied on the ground that Continental, during briefing on the summary judgment motions, could have but failed to raise the arguments it now makes, thus forfeiting the arguments.

Some background, drawn from the court's summary judgment opinion, will put Continental's reconsideration motion in context. In 2008, Avery began to market a line of "Easy Peel" adhesive address labels that were designed so that the user, by folding the sheet of labels, could cause the edges of the column of labels to pop away from the adhesive backing sheet. This feature is desirable because the label is easy to grip and peel off once its edge has popped up from the backing sheet. Continental claims that its own line of labels, the "FastPly" labels, had the same feature. Although Avery disputes this, the court assumed for purposes of summary judgment and will continue to assume that both companies' labels possessed the relevant feature.

Beginning with the introduction of its Easy Peel line in 2008, Avery advertised the labels with the following two statements, referred to as the "Only Avery" statements: "Only Avery label sheets bend to expose the Pop-up Edge™" and "Only Avery offers the Pop-up Edge™ for fast peeling—just bend the sheet to expose the label edge." By including the trademark symbol ("™"), the "Only Avery" statements indicated that Avery claimed a common law trademark on the phrase "Pop-up Edge." *See* USPTO, *Should I register my mark?*, available at

http://www.uspto.gov/trademarks/basics/register.jsp ("Any time you claim rights in a mark, you may use the 'TM' (trademark) … designation to alert the public to your claim, regardless of whether you have filed an application with the USPTO.") (visited Apr. 18, 2013).  At some point, Avery applied to register the trademark with the USPTO, which granted the registration in 2010.  In this suit, Continental alleged that (1) the "Only Avery" statements assert that only Avery's labels could be folded to expose the labels' edges without having to be torn, (2) Continental's FastPly labels also possessed this feature, and (3) the "Only Avery" statements were therefore false or misleading in violation of the Lanham Act, which prohibits misleading advertising.  *See* 15 U.S.C. § 1125(a)(1)(B).

The court rejected proposition (1), and so it granted summary judgment to Avery.  In reaching that result, the court held that no reasonable juror could conclude that the "Only Avery" statements were "literally false" and also that Continental had failed to produce sufficient evidence of actual consumer confusion from which a reasonable jury could find that the "Only Avery" statements, even if not literally false, were misleading.  2012 WL 5467667, at *3-7.  Continental's reconsideration motion attacks only the holding on literal falsity.

As noted in the summary judgment opinion, precedent holds that "[a] 'literal' falsehood is bald-faced, egregious, undeniable, over the top. … The proper domain of 'literal falsity' as a doctrine that dispenses with proof that anyone was misled or likely to be misled is the patently false statement that means what it says to any linguistically competent person." *Schering-Plough Healthcare Prods., Inc. v. Schwarz Pharma, Inc.*, 586 F.3d 500, 513 (7th Cir. 2009).  Applying that standard, the court concluded that the "Only Avery" statements were not literally false because a linguistically competent person could read the statements to assert not that Avery alone offered the generic feature of labels whose edges pop up when the backing sheet is

folded—which would be false if, as the court assumes, Continental's FastPly labels had that same trait—but merely that Avery alone marketed the feature under the trademarked phrase "Pop-up Edge." By the same token, the court explained, the use in advertising of other trademarks that are descriptive rather than abstract does not give rise to literally false statements: a McDonald's advertisement claiming that "the Quarter Pounder® is available only at McDonald's" would not be literally false even if other fast food chains also offer hamburgers with quarter-pound patties, even though an advertisement claiming that "only McDonald's serves hamburgers with quarter-pound patties" would be literally false. 2012 WL 5467667, at *5; *see also LensCrafters, Inc. v. Vision World, Inc.*, 943 F. Supp. 1481, 1498-99 (D. Minn. 1996) (holding that LensCrafters had not engaged in literally false advertising in claiming to be the exclusive seller of "Featherwate" eyeglasses lenses, even though the Featherwate lenses were physically identical to other lightweight polycarbonate lenses offered by other sellers unaccompanied by the Featherwate trademark).

In concluding that the "Only Avery" statements were not literally false under *Schering-Plough*, the court acknowledged that they might nonetheless be ambiguous and misleading to consumers. 2012 WL 5467667, at *6. But applying precedent requiring a plaintiff to present evidence of "actual consumer confusion" to show that a statement that is not literally false is nonetheless misleading, *see B. Sanfield, Inc. v. Finlay Fine Jewelry Corp.*, 168 F.3d 967, 972 (7th Cir. 1999), the court held that the consumer survey evidence proffered by Continental was insufficient and that Avery was therefore entitled to summary judgment, 2012 WL 5467667, at *6-7. As noted above, Continental requests reconsideration only of the court's conclusion on literal falsity; although its reconsideration motion briefly refers to the consumer survey evidence,

Doc. 277 at 5-6, the reference merely rehashes arguments already addressed in the court's summary judgment opinion.

The basis for Continental's challenge to the court's ruling on literal falsity is Continental's new contention that Avery did not in fact have even a common law trademark on the phrase "Pop-up Edge" during the relevant time period. Continental argues: (1) that the phrase "Pop-up Edge" is descriptive; (2) that descriptive phrases become susceptible to trademark protection only after acquiring a "secondary meaning" in the minds of consumers, *see Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 769 (1992); (3) that the phrase "Pop-up Edge" could not have acquired secondary meaning as of the time that Avery began using it in 2008, or indeed for some time thereafter; (4) that Avery therefore did not have a valid trademark on the phrase during at least some portion of the relevant period of 2008-2009; and (5) that the court therefore was wrong to say that the trademark laws prohibited Avery's competitors from using the phrase in their own advertisements. Continental's arguments raise difficult issues. But the court will not resolve the merits of those arguments because Continental should have presented them on summary judgment yet failed to do so, thereby forfeiting them for purposes of its reconsideration motion.

While Continental's motion invokes Rules 59(e) and 60(b), the court construes the motion as one under Rule 59(e), which provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." *See Seng-Tiong Ho v. Taflove*, 648 F.3d 489, 495 n.5 (7th Cir. 2011) (construing a similar motion ostensibly brought under Rule 60(b) as coming under Rule 59(e)). "Courts may grant Rule 59(e) motions to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of

law or fact. This rule enables the [district] court to correct its own errors and thus avoid unnecessary appellate procedures. But such motions are not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment, or to present evidence that was available earlier." *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012) (citations and internal quotation marks omitted); *see Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363, 1371 (Fed. Cir. 2008) ("We review procedural issues not unique to patent law under regional circuit law. Absent extraordinary circumstances, the Seventh Circuit has stated that it rarely reaches forfeited arguments in civil litigation.") (citations omitted). Avery argues that Continental's motion does not meet this standard because its evidence and arguments all could have been presented during the summary judgment stage. Avery is correct.

Continental advances several contentions as to why it should not be faulted for failing to present on summary judgment its argument that Avery's asserted common law trademark had been invalid during the relevant time period—that is, the period prior to the USPTO's registration of the mark in 2010, which registration Continental does not challenge. First, Continental suggests that it *did* raise that argument on summary judgment when it maintained that "placing a trademark symbol next to a false statement, or part of it, does not make the statement any less false. For purposes of false advertising, a descriptive trademark carries the same meaning as the descriptive word or phrase devoid of the mark." Doc. 291 at 4 (quoting Doc. 203 at 71-72). But that argument is entirely distinct from the one Continental now raises. In the quoted passage, Continental argued that if the "Only Avery" statements would have been literally false had Continental not accompanied them with the common law trademark symbol, then the addition of that symbol could not make them any less false. That argument took as

given that the phrase "Pop-up Edge" really had been a valid trademark, or at least had been

presented as an Avery trademark through use of the "™" symbol, but submitted that the phrase's

being a trademark was legally irrelevant to the literal falsity inquiry.  Now, by contrast,

Continental submits that the phrase did not qualify for trademark protection.  The argument that

Continental actually made at summary judgment cannot be stretched to encompass its present

contention, meaning that Continental failed to make that contention on summary judgment.

Continental next asserts that it could not possibly have raised its present contention at

summary judgment because Avery had not put Continental on notice that the trademark status of

the phrase "Pop-up Edge" prior to the USPTO's registration of the trademark was relevant to the

summary judgment motions.  (This assertion is in obvious tension with Continental's suggestion

that it *did* argue that the trademark was invalid on summary judgment, but that tension will be set

aside.)  Continental points out that although Avery asserted numerous times in its briefs and

Local Rule 56.1 statement that it had a valid trademark on the phrase "Pop-up Edge," those

assertions were phrased in the present tense; according to Continental, this led it to think that

Avery was referring only to the present moment (that is, March 2012, when Avery filed its

summary judgment brief), and not to the 2008-2009 period at issue in the suit.  For instance,

Avery argued in its summary judgment brief that:

> The "Only Avery" statements that are the basis for Continental's claim all
> clearly indicate that "Pop-up Edge™" is a trademark owned by Avery through
> consistent use of the trademark (™) symbol.  Avery's common-law and
> federal trademark rights, in fact, give Avery the exclusive right to use the
> trademark "Pop-up Edge" in relation to label sheets.  As such, it is true that
> Avery is the only entity able to sell label sheets using the trademark "Pop-up
> Edge."

Doc. 291 at 6.  As Continental notes, Avery used the present tense forms of the verbs in this

passage (and others like it): "indicate," "is … owned," "give," "is … able."  Avery probably

should have used either the past tense or the past and present tenses together. But Continental's contention that it thought Avery was spending many pages arguing only that it *currently* had a trademark on the phrase—as of the time it submitted its summary judgment materials in 2012—and that Continental therefore did not have any reason to address the validity of the trademark during the 2008-2009 period, is deeply unpersuasive.

As an initial matter, Avery's reference to its asserted common law rights plainly refers to the 2008-2009 period; as noted, the USPTO registered the mark in 2010. The above-quoted passage acknowledged the distinction between Avery's (asserted) common law trademark and its subsequently-obtained federal registered trademark by referring to Avery's "common-law *and federal* trademark rights" (emphasis added). *See Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 209-10 (2000) (addressing the distinction between federal and common law trademark rights); *Bodum USA, Inc. v. La Cafetiere, Inc.*, 621 F.3d 624, 626 (7th Cir. 2010) (same); *In re Spirits Int'l, N.V.*, 563 F.3d 1347, 1354 (Fed. Cir. 2009) (same). Continental's summary judgment brief made clear that it understood Avery to be arguing that it had held a common law trademark on the phrase during 2008-2009. Continental's brief used the past rather than the present tense, plainly conveying that it understood Avery's statements to apply to the past: "The gravamen of Avery's summary judgment motion is that the advertisements *were* not literally false because Avery placed a trademark symbol next to the term Pop-up Edge™"; "Avery's advertising falsely *conveyed* that Avery is the only source of a product that possesses the specific functional feature conveyed by the words Pop-up Edge™"; "the purpose of the advertisements *were* to explain a new feature"; "[y]et the advertisements *went* beyond that." Doc. 203 at 71, 73 (emphases added). It blinks reality for Continental to now suggest otherwise.

Continental faults the court for drawing an improper "inference" in Avery's favor by understanding Avery's use of the present tense to refer to past events. Doc. 291 at 7. But there is no requirement that a party's arguments in favor of summary judgment be given a narrow or crabbed reading rather than a natural one. Taken in the context of this litigation, Avery's submissions were most naturally read to pertain to the period relevant to the suit, during which Avery had been using the phrase "Pop-up Edge" accompanied by a trademark symbol. Moreover, as just observed, there can be no doubt that Continental shared Avery's and the court's understanding that Avery's submissions applied to the 2008-2009 period.

Continental's reconsideration motion invokes the rule that newly discovered evidence that could not reasonably have been obtained during the summary judgment briefing can provide a valid basis for reconsideration. Doc. 277 at 2 ("Additional facts, long known to Avery and recently discovered by Continental, point to a lack of exclusive [trademark] rights [during the relevant period]."); *id.* at 5 (referring to the "new evidence"). Continental's "new evidence" consists of several documents from the USPTO showing that Avery applied to register the "Pop-up Edge" trademark in 2008 but that the registration was rejected on the ground that (in the examiner's view) the phrase is a descriptive mark that had yet to acquire the requisite secondary meaning. Docs. 278, 279, 279-1. Continental does not explain why it could not have uncovered this trademark prosecution history in time to include it in its summary judgment materials. Moreover, even without the USPTO records, Continental could have made at summary judgment the argument it now makes because it knew that Avery had first introduced the phrase "Pop-up Edge" in 2008 and could have recognized independently the possible argument that (1) the phrase is descriptive, (2) descriptive phrases do not qualify for trademark protection until they acquire secondary meaning, (3) the phrase could not already have had secondary meaning when

it was first introduced in Avery's advertising, and so (4) Avery did not have a valid trademark for at least some portion of the 2008-2009 period.

As explained above, Continental was aware at summary judgment that Avery was arguing that the "Only Avery" statements were not literally false during the 2009-2009 period because Avery held a trademark on the phrase "Pop-up Edge" and indicated as much by including the "™" symbol. Continental's summary judgment brief made one counterargument to Avery's argument, that adding the "™" symbol to a literally false statement does not make it less false; but Continental failed until now to make its current counterargument, that Avery was wrong to assert that it had had a valid trademark on that phrase in 2008-2009. Continental missed that counterargument, and if it had made that argument, it would have had no difficulty obtaining the prosecution history in discovery from Avery or making its own search of the USPTO's records. Continental's failure to spot an argument it could have made on summary judgment is a forfeiture. *See Milligan v. Bd. of Trs. of S. Ill. Univ.*, 686 F.3d 378, 389 (7th Cir. 2012); *Witte v. Wis. Dep't of Corr.*, 434 F.3d 1031, 1038 (7th Cir. 2006).

Finally, Continental contends that its new argument "is not untimely because it addresses manifest errors of fact and law in the Court's [summary judgment opinion] that could not have been discovered before then." Doc. 291 at 9-10 (citing *Russell v. Delco Remy*, 51 F.3d 746, 749 (7th Cir. 1995) (holding that forfeitures should not be enforced in the face of a "manifest error of law")). Continental appears to argue that the court erred by construing the evidence in favor of the movant, Avery, and that this was a manifest error of law because a court must make all reasonable inferences from the facts in the nonmovant's favor. But as noted above, the court did not draw any evidentiary inferences in Avery's favor. Nor did the court commit a manifest legal error in failing to raise *sua sponte* Continental's new argument on the validity of Avery's

common law trademark. Avery argued at summary judgment that it had a trademark at the relevant time and that this prevented the "Only Avery" statements from being literally false, Continental failed to contend (until now) that Avery had not actually had a legally valid trademark, and the court took as given that Continental had a valid trademark at the relevant time. In other words, Continental missed an argument it should have made, and the fact that the court did not make that argument for Continental is not a "manifest legal error"; to the contrary, it is in keeping with the settled rule that "a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered. If it does not do so, and loses the motion, it cannot raise such reasons on appeal." *Domka v. Portage Cnty.*, 523 F.3d 776, 783 (7th Cir. 2008) (internal quotation marks omitted); *see also Pandrol USA, LP v. Airboss Ry. Prods., Inc.*, 320 F.3d 1354, 1366-67 (Fed. Cir. 2003) (same). The court notes also that the proper resolution of the forfeited argument is anything but "manifest"; as noted above, the question is difficult.

The court prefers to address litigants' arguments on their merits rather than dispose of them on forfeiture grounds. But litigants are not permitted to raise any arguments at any time. When faced with a summary judgment motion, a litigant must inform the court of every legal ground it has for opposing summary judgment. As the Seventh Circuit has recognized with respect to a district court's refusal to consider an argument made in a Rule 59(e) motion that could have been made at the summary judgment stage, "[s]ummary judgment is not a dress rehearsal or practice run." *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (internal quotation marks omitted); *see also Bloch v. Frischholz*, 587 F.3d 771, 784 n.9 (7th Cir. 2009) (en banc) ("developing an argument for the first time in a motion to reconsider is too late"). Continental alone filed nearly 170 pages of briefs on the parties' cross-motions for

summary judgment. Docs. 126, 191, 203, 249. The court reviewed those briefs, along with Avery's briefs and both parties' Local Rule 56.1 statements and appendixes, and addressed the parties' arguments in its summary judgment opinion. Compelling considerations of judicial efficiency preclude Continental from now raising arguments that it could have raised in those briefs but did not, and it is out of concern for those considerations that the court declines to address the merits of the substantive arguments in Continental's reconsideration motion.

Continental's motion for reconsideration is denied. The court's grant of partial summary judgment to Avery and entry of partial final judgment under Rule 54(b) shall stand.

April 18, 2013

_____
United States District Judge